# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD GALLIMORE, SR.,

    Petitioner,

vs.

DEREK NEUENSCHWANDER, *et al.*,

    Respondents.

3:07-cv-00432-LRH-RAM

ORDER

    This action is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Donald Gallimore, Sr. Before the Court is respondents' motion to dismiss (Docket #13), along with petitioner's response (Docket #15) and respondents' reply (Docket #17).

    The petition in the instant action challenges an order entered May 22, 2007, revoking petitioner's parole from an earlier judgment of conviction. (Petition, Docket #8, at p. 1). Respondents seek dismissal of the petition, arguing that none of the grounds of the petition are exhausted, and that the petition lacks merit. (Docket #13).

    A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to

consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture that it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

In the instant case, petitioner has failed to exhaust his claims in the Nevada state courts. Petitioner acknowledges that he did not file an appeal from the order revoking his parole. (Petition, Docket #8, at p. 1). In his opposition to the motion to dismiss, petitioner claims that he repeatedly attempted to appeal the revocation of his parole. (Response, Docket #15, at pp. 4-5). Petitioner contends that he attempted to exhaust his claims by "completing 2 separate sets of grievances to the

Nevada Department of Corrections." (Response, at p. 4). Filing a grievance within the Department of Corrections does not exhaust petitioner's claims. Rather, petitioner must present the same claims raised in his federal habeas petition to the state highest available state court through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004). In the instant case, petitioner has not exhausted any of his claims in the Nevada state courts. As such, the petition must be dismissed.

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #13) is **GRANTED.**

      **IT IS FURTHER ORDERED** that the federal habeas petition is **DISMISSED**.

      **IT IS FURTHER ORDERED** that petitioner's motion for damage reclamation (Docket #19), motion for summary judgment (Docket #21), and motion for release from custody (Docket #22) are **DENIED.**

      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

      DATED this 11th day of December, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE